ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

2008 NOV 13 AM 9:50

DUBLIN DIVISION

CLERK
SO. DIST. OF GA.

| | |
|---|---|
| RUFUS J. DICKERSON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 308-093 |
| ) | |
| FRED BURNETT; PAT ETHEREDGE; ) | |
| TIM SPIRES; and JOHN AKINS, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Calhoun State Prison in Morgan, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** and that this action be **DISMISSED** without prejudice.

### I. BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be

granted, unless the prisoner is under imminent danger of serious physical injury.[1]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

## II. DISCUSSION

A.  **Prior Filing History**

A review of Plaintiff's history of filings reveals that he has brought at least three cases or filed three appeals that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted: (1) Dickerson v. Gwinnet County Det. Ctr., Civil Case No. 198-658 (N.D. Ga. June 25, 1998) (dismissal for failure to obey a court order);[2] (2) Dickerson v. Burnette, Civil Case No. 06-13898-G (11th Cir. Sept. 26, 2006) (finding appeal was frivolous); and (3) Dickerson v. Donald, Civil Case No. 07-11279-I (11th Cir. July 9, 2007) (finding appeal was frivolous).

---

[1] The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

[2] Of note, Plaintiff had three other simultaneously filed cases that were similarly dismissed for failure to obey a lawful order of the court. Dickerson v. Gwinnett County Det. Ctr., CV 198-659 (N.D. Ga. June 25, 1998); Dickerson v. Stewart, CV 198-660 (N.D. Ga. June 25, 1998); and Dickerson v. Fox, CV 198-661 (N.D. Ga. June 25, 1998). As recently explained in an unpublished Eleventh Circuit opinion, dismissal based on an abuse of judicial process may be properly considered a strike even if the dismissal fails to state expressly that the claim was frivolous or malicious. Allen v. Clark, Civil Case No. 06-16406 (11th Cir. Jan. 29, 2008) (finding dismissal for failure to prosecute is a strike for purposes of section 1915(g)). Thus, these three cases may also properly be considered strikes.

As Plaintiff filed a complaint or an appeal that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted in each of the cases cited above, these previously dismissed cases and appeals qualify as strikes under § 1915(g). As Plaintiff has at least three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

**B.    No Allegation of "Imminent Danger"**

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). In his complaint, Plaintiff fails to raise any allegations that he was in any imminent danger at the time of the filing of the complaint on October 8, 2008. Specifically, Plaintiff alleges that in October 2006, he was placed in segregation by Defendant Burnett for filing lawsuits and grievances and that Defendants Etheredge and Spires were aware of this behavior but failed to address it. (Doc. no. 1, p. 6). He also alleges that Defendants Burnett, Etheredge, and Spires falsified documents with the purpose of holding him in segregation longer than he was supposed to remain there. (Id.). He also alleges that in September 2006, Defendants Spires and Akins entered his segregation cell while Plaintiff was in the prison yard and "removed witness statements that [were] being used for Plaintiff's civil action." (Id.). Finally, Plaintiff alleges that Defendant Etheredge "deliberately delayed" on two separate occasions in October 2006 and December 2006 in responding to grievances Plaintiff had filed.³ (Id.).

---

³This same allegation was raised in the complaint filed by Plaintiff in Dickerson v. Burnette, Civil Case No. 308-004, doc. no. 1 (S.D. Ga. Jan. 9, 2008). On April 8, 2008, however, the Honorable Dudley J. Bowen, Jr., United States District Judge, adopted the Report

3

None of Plaintiff's claims fall within the imminent danger exception. First, all of Plaintiff's claims concern events that occurred in September 2006, October 2006 and December 2006, approximately two years before the complaint in the instant action was filed. Furthermore, even had the events occurred at the time of the filing of the complaint, the behavior complained of does not rise to the level imminent danger that would excuse payment of the full filing fee. In sum, Plaintiff was not in imminent danger at the time he signed the complaint on October 1, 2008 or when it was filed by the clerk on October 8, 2008. Therefore he has failed to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception of § 1915(g).

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 3) and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this action, he must submit a new complaint, along with the full filling fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED and RECOMMENDED this /3+h day of November, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

and Recommendation of March 13, 2008, which recommended dismissal of the case because Plaintiff had already amassed three strikes and failed to qualify for the "imminent danger" exception. Id., doc. nos. 3, 5.

4